UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**CHRISTOPHER BREEN**      **CIVIL ACTION NO. 24-1022**

**SECTION P**

**VS.**

**JUDGE S. MAURICE HICKS, JR.**

**CADDO CORRECTIONAL**      **MAG. JUDGE KAYLA D. MCCLUSKY**
**CENTER, ET AL.**

**REPORT AND RECOMMENDATION**

Plaintiff Christopher Breen, a prisoner at Caddo Correctional Center ("CCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately July 31, 2024, under 42 U.S.C. § 1983. He names the following defendants: CCC, Nurse C. Wallace, an unidentified person "in charge of medical," and an unidentified medical company.[1] For reasons that follow, the Court should retain Plaintiff's claims against Nurse Wallace and dismiss Plaintiff's claims against CCC and the unidentified defendants.

**Background**

Plaintiff, who has Hepatitis C, claims that on April 28, 2024, he was told that "CCC does not do treatment for Hepatitis C" and that treatment "is done at DOC facilities." [doc. # 7, p. 1]. He claims that on June 23, 2024, he requested his Hepatitis C treatment and an evaluation of his vision from Nurse Wallace, who knew that he has Hepatitis C, but Wallace told him that CCC does not treat Hepatitis C, refused to evaluate Plaintiff's blood, and denied him vision treatment. [doc. #s 1, p. 3; 7, p. 1]. Plaintiff did receive Tylenol or Ibuprofen for seven days. [doc. # 7, p.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

1]. He claims that because CCC and Nurse Wallace are denying treatment, he is losing his vision, he has lower back pain and headaches, he is urinating too frequently, and he is having liver complications.[2] [doc. #s 1, p. 3; 7, p. 1].

Plaintiff asks the Court to enjoin defendants to provide "proper medical care[,]" including medication and other treatment for his Hepatitis C. [doc. # 1, pp. 3-4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual

---

[2] Plaintiff suggests that his urine is discolored, stating that he is "peeing [his] liver out" and can "see it in the toilet." [doc. # 7, p. 1].

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc*., 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555).  "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice.  *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to

3

make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Caddo Correctional Center**

Plaintiff names CCC as a defendant.

Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24.

CCC does not qualify as a juridical person; accordingly, the Court should dismiss Plaintiff's claims against CCC.

### 3. Medical Care

To plead a constitutional violation, a plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (*quoting Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); *see Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of

professional judgment and does not support a finding of deliberate indifference.").

    A. <u>Nurse Wallace</u>

Plaintiff plausibly alleges that he had a serious medical need: Hepatitis C and associated loss of vision, lower back pain and headaches, frequent urination, and liver complications. Construing the allegations liberally and in Plaintiff's favor, he plausibly alleges that Nurse Wallace knew he had a substantial risk of serious harm—she knew he has Hepatitis C, and he requested treatment for his associated symptoms—and that Wallace responded with deliberate indifference, refusing to treat him.[4]

    B. <u>Unidentified Defendants</u>

The Court should dismiss Plaintiff's claims against the unidentified defendants. Plaintiff faults "whoever is in charge of medical" or the unidentified "medical company," but he does not state what each defendant did to violate his constitutional rights. [doc. # 7, p. 1]. At best, he states that a sergeant told him that a medical supervisor informed the sergeant that "CCC does not do treatment for [the] Hepatitis C virus." *Id.* But Plaintiff does not allege that the medical supervisor is the unidentified person "in charge of medical." And he appears to fault only CCC, suggesting that the sergeant and the medical supervisor only relayed information. Further, he does not allege, for instance, that the unidentified person in charge participated in his medical

---

[4] While Plaintiff did receive Tylenol or Ibuprofen, Nurse Wallace allegedly failed to provide any *meaningful* treatment for his serious medical needs. For instance, Plaintiff did not receive specific medication for Hepatitis C or medical care intended to treat his liver complications and his deteriorating vision. *See Ford v. Anderson Cnty., Texas*, 102 F.4th 292, 309 (5th Cir. 2024) ("While Dr. Corley did treat Newsome's immediate symptom of gas with anti-gas medication, Plaintiffs have presented evidence that he did not treat Newsome for Addison's disease. Responding to a serious medical issue with such a cursory level of care may still constitute deliberate indifference."); *Stevenson v. Toce*, 2024 WL 3897235, at *4 (5th Cir. Aug. 22, 2024) (finding a plausible claim where, although defendants provided some treatment, the treatment was not intended to treat the plaintiff's condition).

care (or lack thereof) or that the unidentified person created a policy of declining treatment for prisoners with Hepatitis C.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Christopher Breen's claims against Caddo Correctional Center, the unidentified person "in charge of medical," and the unidentified medical company be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 5th day of September, 2024.

                                                      Kayla Dye McClusky
                                                     United States Magistrate Judge